DISSENTING OPINION 





No. 04-98-00613-CV 





Carmen C. GOMEZ, Elena Faz, Luis Carrasco,
Pablo Carrasco, 

Jeronimo Carrasco, Jr., and Ricardo and Guadalupe Carrasco, 

Individually and as Representatives of the Estate of Jeronimo Carrasco, 

Appellants 





v. 





TRI CITY COMMUNITY HOSPITAL, LTD., 

Appellee 





From the 81st Judicial District Court, Atascosa County,
Texas 

Trial Court No. 97-03-0199 CVA 

Honorable Stella Saxon, Judge Presiding 





Opinion by: Phil Hardberger, Chief Justice

Dissenting opinion by: Sarah B. Duncan, Justice





Sitting: Phil Hardberger, Chief Justice

Catherine Stone, Justice

Sarah B. Duncan, Justice





Delivered and Filed: May 19, 1999





Like the majority, I conclude the summary judgment record does not encompass the
deposition testimony referenced in Gomez' Rule 166a(d), Tex. R. Civ. P., statement of
intent. However, unlike the majority, I reach this conclusion because the statement was
not accompanied by "a notice containing specific references to the discovery,"
as expressly required by Rule 166a(d). I would thus leave for another day the broader
issue addressed by the majority, that is, whether a complying statement and notice are
sufficient, as indicated by the disjunctive "or" in the text of the rule, or
whether they must be accompanied by the timely filing of the specifically referenced
evidence, as suggested by the comment. Certainly I would not decide this question without
carefully considering the rule's history.

However, I must dissent from the majority's judgment. The summary judgment record
simply does not contain even a scintilla of evidence tending to establish Tri-City's
failure to promptly convey the April 22 x-ray results to Dr.
Mabry was a "but for" cause of the delay in diagnosing Jeronimo Carrasco's
dissecting aneurysm.

As Gomez correctly recognizes in her brief, her appeal requires this court to determine
whether the summary judgment record contains some evidence Tri-City's "failure to
promptly deliver the x-ray results of April 22, 1995 to the treating physician proximately
cause[d] the death of Jeronimo Carrasco?" In other words, is there some evidence
Tri-City's failure to promptly deliver the x-ray results was "a substantial factor in
bringing about [Carrasco's death] and without which [his death] would not have
occurred." Kramer v. Lewisville Mem'l Hosp., 858 S.W.2d 397, 400
(Tex. 1993); see Park Place Hosp. v. Estate of Milo, 909 S.W.2d 508, 511 (Tex.
1995). When considered in light of Gomez' allegations against Tri-City, this burden
required Gomez to produce some evidence (1) the delay in correctly diagnosing the
dissecting aneurysm was a proximate cause of Carrasco's death, and (2) the delay was
itself proximately caused by Tri-City's failure to deliver the April 22 x-ray results to
Dr. Mabry promptly on April 22, rather than April 24.

Tri-City properly concedes Gomez produced some evidence Carrasco's death was
proximately caused by the delay in correctly diagnosing the dissecting aneurysm. But,
Tri-City insists, there is no evidence the delay in diagnosing the dissection aneurysm was
proximately caused by its failure to promptly deliver the April 22 x-ray results
to Dr. Mabry. I agree. Dr. Youmans' affidavits, set forth in the appendix, simply do not
address this aspect of the requisite causal link.







Despite this evidentiary void, the majority reverses the summary judgment, stating
there is "some evidence that the x-ray report would have
led the attending physician to a correct diagnosis." Slip op. at 6 (emphasis added).
It may be reasonable to infer a correct diagnosis might have followed receipt of the
radiologist's report since it expressly stated "consideration should be given for
aortic dissection." But Gomez does not contend Tri-City failed to timely convey the report,
nor could she do so since the report did not exist before April 24. Rather, Gomez alleges
Tri City failed to promptly convey the x-ray results and,
whatever "results" might mean, there is no evidence conveying the results
would have led Dr. Mabry to a correct diagnosis. Similarly immaterial, in my view, is Dr.
Youmans' statement that "the correct diagnosis apparently was not suspected until the
time the patient coded on April 24." Nothing in this statement suggests the requisite
causal link between Tri-City's "failure to convey the x-ray information" and
"the misdiagnosis."

Because Gomez failed to produce some evidence Tri City's failure to promptly convey the
April 22 x-ray results was a cause in fact of Carrasco's death, I would affirm the summary
judgment and thus dissent from the majority's judgment.





Sarah B. Duncan, Justice

Publish